IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02786-MEH

CARL LEADHOLM,

      Plaintiff,

v.

CITY OF COMMERCE CITY, COLORADO,
CHRISTOPHER DICKEY,
JJ ROUANZOIN,
JEREMY JENKINS, and
MICHAEL DIENER,

      Defendants.

---

## ORDER RE: *IN CAMERA* REVIEW

---

**Michael E. Hegarty, United States Magistrate Judge**.

      On July 26, 2017, this Court held a discovery conference at the parties' request.  During the

conference, Defendants objected to Plaintiff's redaction of certain medical records.  The parties

provided the Court with both redacted and unredacted copies of the challenged records for *in camera*

review.  To determine whether the records are properly redacted, the Court must consider both the

Plaintiff's allegations and the applicable law.

**Plaintiff's Allegations**

      The Court has set forth the Plaintiff's allegations in its May 9, 2017 order on the Defendants'

motion to dismiss as follows:

      On November 18, 2014, the Plaintiff, Carl Leadholm, was driving home after
    working a full day at a recycling company. At some point during his drive home,
    Plaintiff suffered from a medical condition due to low levels of glucose in his blood,
    which caused him dizziness and blurred vision. This condition caused Plaintiff to
    swerve his vehicle and drive erratically.  Defendants Dickey and Rouanzoin first

encountered Plaintiff on the road, saw the vehicle swerving, and pulled him over to the side of the road.  Rather than ask Plaintiff whether he was alright, Dickey and Rouanzoin immediately started to shout at him.  Dickey and Rouanzoin did not attempt to secure any information from Plaintiff regarding his identity, nor explain why they pulled him over. The officers did not ask any questions about Plaintiff's medical condition.  Rather, they opened the car door, pulled Plaintiff out, and slammed him onto the pavement.

Plaintiff, who had no previous interaction with law enforcement, curled into a fetal position on the pavement to protect himself.  When Dickey and Rouanzoin pulled Plaintiff out of the vehicle, the truck was still in "drive" and it began to roll into oncoming traffic.  Rouanzoin chased and entered the vehicle, stopped it, and shut the engine off.

While Plaintiff was still on the ground, Dickey and Rouanzoin jammed Plaintiff's face into the pavement.  At that point, Defendant Diener sprayed Plaintiff in the face with pepper spray, then Dickey, Rouanzoin, Jenkins, Diener, and Lord (the "Individual Defendants") struck Plaintiff with batons in the legs. During this beating, Dickey accidently struck Rouanzoin with his baton.  Dickey also applied multiple taser strikes to Plaintiff.  Further, the Individual Defendants wrenched Plaintiff's right hand behind his back causing pain and damage to his hand, fingers, and rotator cuff.  These injuries necessitated two surgeries. Plaintiff will require additional surgeries every ten years to replace the joint in his finger.

Plaintiff did not resist the police officer's attempts to physically restrain him. Eventually, an ambulance was called to provide emergency care for Plaintiff.  When the paramedics gave him a chance to speak, Plaintiff indicated that he was diabetic and did not feel well.  The paramedics tested Plaintiff's blood glucose level and found his readings to be at a level of 35.

According to information from the University of Michigan's Health System Department of Metabolism, Endocrinology and Diabetes pertaining to hypoglycemia—or low blood glucose—a  blood glucose reading of 35 is defined as follows:

<u>Severe hypoglycemia</u>

The symptoms of severe low blood sugar develop when blood sugar falls below 35-40 mg/dL and may include:
* Seizures or convulsions
* Loss of consciousness, coma
* Low body temperature (hypothermia)

The attending paramedics recognized the potential danger that existed for Plaintiff and promptly administered glycogen, which likely prevented him from slipping into a diabetic coma.

Based on these allegations, the Plaintiff has alleged constitutional claims for excessive force against the individual Defendants and failure to train against the City, and seeks compensatory, consequential, and economic damages for his physical, emotional, and financial losses. Am. Compl., ECF No. 43 at 16.

## Applicable Law

Rule 26(b)(5) of the Federal Rules of Civil Procedure governs the withholding and production of privileged materials in a federal lawsuit. As pertinent here, Rule 26(b)(5) states:

(A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
(i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(B) *Information Produced*. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5). In diversity jurisdiction cases such as this one, state law controls the issues of privilege raised by the parties. *See* Fed. R. Evid. 501; *see also Trammel v. United States*, 445

U.S. 40, 47 n.8 (1980).

Here, Plaintiff asserts he has withheld a number of his medical records on the basis of the physician-patient privilege. "Colorado's physician-patient privilege prevents a physician, surgeon, or registered nurse from being examined as a witness as to any information acquired in and necessary to treating a patient without the consent of the patient." *Cardenas v. Jerath*, 180 P.3d 415, 423 (Colo. 2008) (citing Colo. Rev. Stat. § 13–90–107(1)(d) (2007)).

The statute mandates:

> [A] physician, surgeon, or registered professional nurse duly authorized to practice his [or her] profession pursuant to the laws of this state or any other state shall not be examined without the consent of his [or her] patient as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient.

*Id.* at 423-24. "This privilege applies equally to pretrial discovery as it does to in-court testimony." *Id.* at 424 (citing *Weil v. Dillon Cos., Inc.*, 109 P.3d 127, 129 (Colo. 2005)). "Thus, the physician-patient privilege protects certain information from discovery even if the information is relevant to the subject matter of the case and would be discoverable otherwise." *Id.* (citing *Alcon v. Spicer*, 113 P.3d 735, 738 (Colo. 2005)).

Defendant do not dispute that the medical records (or information contained therein) are facially protected by the physician-patient privilege in this case. Rather, they argue that the information is or may be related to claims in the case.

"The physician-patient privilege is designed to protect the patient, and the patient may waive such protections, thereby consenting to disclosure." *Cardenas*, 180 P.3d at 424 (citing *Alcon*, 113 P.3d at 739). "One way a party waives the physician-patient privilege is by injecting his or her 'physical or mental condition into the case as the basis of a claim or an affirmative defense.'" *Id.* (quoting *Clark v. Dist. Ct.*, 668 P.2d 3, 10 (Colo. 1983)). "This waiver does not amount to a general

disclosure of the patient's entire medical history, but rather is limited to the cause and extent of the injuries and damages claimed. *Id.* (citing *Alcon*, 113 P.3d at 740) (noting that where records sought are unrelated to treatment of mental or physical issues arising out of the injuries claimed, the privilege is not waived and the records were not ordered disclosed). Accordingly, "'relevance alone cannot be the test' for waiver of the physician-patient privilege." *Alcon*, 113 P.3d at 741 (quoting *Weil*, 109 P.3d at 131).

**Analysis**

With these legal standards in mind and after review of the allegations and challenged records, the Court finds the following with respect to each record, as identified by its Bates-label page number:

0000052 - should not be redacted

0000055 - the first redacted paragraph should not be redacted, but the second paragraph is properly redacted

0000056 - the first redacted line should be redacted, but the second line should not be redacted

0000073 - all redactions are proper

0000074 - all redactions are proper

0000118 - all redactions are proper; and

0000190 - all redactions are proper.

The Plaintiff shall produce copies of records on which redactions should be removed to the Defendants on or before August 15, 2017.

Dated at Denver, Colorado, this 8th day of August, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge