IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02786-MEH

CARL LEADHOLM,

    Plaintiff,

v.

CITY OF COMMERCE CITY, COLORADO,
CHRISTOPHER DICKEY,
JJ ROUANZOIN,
JEREMY JENKINS, and
MICHAEL DIENER,

    Defendants.

## ORDER ON MOTION FOR PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    The Court has set forth the background and facts of this case in previous orders and, thus, need not repeat all of them here. However, pertinent to the present matter, the Plaintiff has alleged Defendant City of Commerce City's use of force policy is "inadequate" as "evidenced by a letter . . . written to Director Ronald Davis of the Department of Justice ["DOJ"]." Am. Compl. ¶ 25. The letter, dated July 18, 2016 and executed by Commerce City's mayor, city manager, and interim chief of police, sought "assistance from the Department of Justice's Community Oriented Policing Division's Technical Assistance Program for Collaborative Reform." ECF No. 43-2. Plaintiff alleges that the "Justice Department's office of Community Oriented Police Services agreed to take on the review." Am. Compl. ¶ 26.

    In light of the letter and Plaintiff's allegations, Plaintiff sought through discovery "all underlying 'reasons,' materials, and communications relating to the DOJ collaborative audit, and identification of all Department and DOJ personnel involved in any way in the audit." Mot. 3.

Here, Defendants seek protection from producing such information pursuant to the deliberative process privilege; Plaintiff counters that the privilege does not apply. The Court finds that it must review the withheld documents *in camera* to determine whether they are protected by the deliberative process privilege and, thus, the motion will be granted in part and denied without prejudice in part.

**I.     Legal Standards**

Rule 26(b)(5) of the Federal Rules of Civil Procedure governs the withholding and production of privileged materials in a federal lawsuit. As pertinent here, Rule 26(b)(5) states:

> (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.
>
> (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5). In federal question cases such as this one, federal law controls the issues of privilege raised by the parties,[1] and federal common law recognizes the deliberate process privilege.[2]

---

[1] Notably, in *City of Colo. Springs v. White*, 967 P.2d 1042, 1049 (Colo. 1998), the Colorado Supreme Court also recognized the common law deliberative process privilege in Colorado. *See Land Owners United, LLC v. Waters*, 293 P.3d 86, 95 (Colo. App. 2011).

[2] The D.C. Circuit notes, "[a]lthough this privilege is most commonly encountered in Freedom of Information Act ('FOIA') litigation, it originated as a common law privilege." *In re*

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which governmental decisions and policies are formulated." *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Id.*; *see also Casad v. U.S. Dep't of Health & Human Servs.*, 301 F.3d 1247, 1251 (10th Cir. 2002). The privilege serves the secondary purpose of "prevent[ing] the premature disclosure of proposed policies, and avoids 'misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.'" *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

To qualify for protection under the privilege, the party seeking to invoke the privilege bears the burden of proving that the documents at issue are both pre-decisional and deliberative. *Id.* at 1227 (citations omitted). A document is pre-decisional if it is "'prepared in order to assist an agency decisionmaker in arriving at his decision.'" *Id.* (quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)). In *Casad*, the Tenth Circuit cited two factors that are "helpful" in determining whether a document is pre-decisional: (1) "the 'nature of the decisionmaking authority vested in the officer or person issuing the disputed document;'" and (2) "the relative positions in the agency's 'chain of command' occupied by the document's author and

---

*Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). Thus, as have other courts in and outside of this District, the Court may rely on opinions addressing FOIA requests in determining the scope and requirements of the deliberate process privilege.

recipient." *Casad*, 301 F.3d at 1252 (citations omitted).

Documents that are deliberative and, therefore, covered under the privilege include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp.*, 617 F.2d 866. Factual materials do not qualify as deliberative unless their "disclosure 'would so expose the deliberative process within an agency that it must be deemed exempted.'" *Trentadue*, 501 F.3d at 1228 (quoting *Mead Data, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 256 (D.C. Cir. 1977)). The Tenth Circuit exempts certain factual materials only if (1) "they are inextricably intertwined with deliberative materials" or (2) "their disclosure would reveal deliberative material." *Id.* at 1229.

If the government succeeds in carrying its burden demonstrating that the subject documents are privileged, the court must decide whether the privilege is overcome by the requesting party's showing of need. *In re Sealed Case*, 121 F.3d at 737. Factors to be considered in balancing the interests of the government with the needs of the party seeking disclosure include the documents' relevance, the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees. *Id.*

**II. Analysis**

Commerce City contends that the withheld documents are "inherently predecisional" and, thus, privileged and asks the Court to find that any showing of "need" by the Plaintiff is outweighed by the City's "interest in the privacy of these materials [as] strongly supported by the chilling effect that would occur if the Court orders production." Plaintiff counters that the City fails to establish it has standing to assert the privilege over documents produced by a separate governmental entity (Department of Justice); the City's contention that all documents predating the DOJ's final report

4

are "pre-decisional" is overly broad; certain documents and communications between the entities are "post-decisional" because they involve a review of past and current policies; the City has failed to establish the withheld documents are "deliberative"; and any privilege is outweighed by the Plaintiff's need for the documents, which are relevant and probative, Plaintiff is unable to obtain them by other means, the City's alleged misconduct is directly at issue in the case, disclosure of the documents "would not hinder frank and independent discussions," and an applicable protective order would protect against "alleged harm or confusion to the public."

The Court finds that the parties' briefs are uniform in one respect: they suggest that a finding of the privilege cannot be made without review of the challenged documents. *See* Mot. 9 ("the City respectfully requests that, at a minimum, *in camera* review be performed by the Court"); Resp. 9 ("Commerce City's summary of documents is vague and nondescript. Each document or, at a minimum, each category of documents must be proved to be pre-decisional and deliberative."); *id.* at 11 ("Commerce City does not parse out which of these documents simply state or explain a decision or provide factual information, none of which are subject to privilege."); *id.* ("there is no way, based on [the] briefing, that the Court could determine whether *all* the documents are 'pre-decisional' and 'deliberative' let alone whether Commerce City has standing to assert privilege") (emphasis in original); Reply 7 ("all materials responsive to Plaintiff's Interrogatory No. 22 represent factual as well as deliberative information which is inexorably intertwined.").

The Court agrees. First, to determine whether Plaintiff has "standing" to assert the privilege, the Court must review the withheld documents to determine whether they involve an "inter-agency audit" or other collaboration and whether they "originated with the City, or are inexorably connected to the City." Reply 3.

Second, to determine whether the withheld documents are pre-decisional as the City

contends, the Court must view them to understand the "nature of the decisionmaking authority vested in the officer or person issuing the disputed document" and "the relative positions in the agency's 'chain of command' occupied by the document's author and recipient." *Casad*, 301 F.3d at 1252. In addition, the Court must evaluate whether the documents "reflect the personal opinions of the writer rather than the policy of the agency" (*see Coastal States Gas Corp.*, 617 F.2d 866); whether they merely contain facts, which are not protected from disclosure; or whether any factual materials may be "inextricably intertwined with deliberative materials" or "their disclosure would reveal deliberative material." *Trentadue*, 501 F.3d at 1229. Finally, the Court must examine whether each withheld document is relevant and probative to the claim against the City for failure to train, or whether the disclosure of the documents could "reasonably hinder future deliberative process. *In re Sealed Case*, 121 F.3d at 737.

### III. Conclusion

Therefore, the Court **grants in part and denies without prejudice in part** Defendant Commerce City's Motion for Protective Order [filed August 7, 2017; ECF No. 99] as follows. At this time, the City will produce copies of the withheld documents only to the Court for *in camera* review on or before September 11, 2017 and, at the same time, will file a Notice of Submission on the public docket of this case. The document production may be in hard-copy or electronic format. Once the Court completes its review of the withheld documents, it will issue an order establishing whether any or all of the documents are protected by the deliberative process privilege as set forth herein.

Dated at Denver, Colorado, this 1st day of September, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge