IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02786-MEH

CARL LEADHOLM,

    Plaintiff,

v.

CITY OF COMMERCE CITY, COLORADO,
CHRISTOPHER DICKEY,
JJ ROUANZOIN,
JEREMY JENKINS, and
MICHAEL DIENER,

    Defendants.

## ORDER ON MOTION TO RESTRICT

**Michael E. Hegarty, United States Magistrate Judge**.

On September 1, 2017, the Court issued an order granting in part and denying in part the Defendants' motion seeking protection, pursuant to the deliberative process privilege, from producing to the Plaintiff documents exchanged between Commerce City and the Department of Justice ("DOJ") during an ongoing audit. ECF No. 109.[1] In that order, the Court held that it must review the withheld documents to discern whether they were protected by the privilege. *Id.* Defendants then submitted more than 28,000 pages in electronic format for the Court's *in camera* review on September 12, 2017. ECF No. 115.

On September 21, 2017, Commerce City filed a motion seeking the Court's "determination of disputed language in the proposed Stipulated Protective Order." ECF No. 119. The Court denied the motion without prejudice for Commerce City's failure to comply with the Court's practice

---

[1] *See* Order at ECF No. 109 for details concerning the DOJ's collaborative audit conducted at Commerce City's request.

standard to seek a conference with the Court before filing motions concerning discovery disputes. ECF No. 120.

The Court then held a discovery conference in this case on September 25, 2017, at which defense counsel confirmed that its *in camera* submission encompasses copies of all documents (in its possession) that were produced and exchanged between the DOJ and Commerce City during the audit. Tr. 11: 10–17; 26: 19–25, 27: 1–13, ECF No. 124. These 28,000 pages of documents contain no Bates numbers, there appear to be no categories into which the documents were divided, and the City provided no guidance as to which documents were produced by the City and which were produced by the DOJ. Notably, the City did provide an "index" in a spreadsheet format listing the documents by, *inter alia*, file name and date created; therefore, the Court is able to discern—to the extent relevant—which documents were created before and after the City's request for DOJ assistance.

Thus, during the conference, the Court raised the issue of the unorganized submission, approved the Defendants' versions of paragraphs 4 and 7 of the proposed blanket protective order, and discussed with the parties whether a written request from the DOJ, a third party, seeking restricted access to material produced during the audit is proper in this case. Following these discussions, the Court ordered briefing of the following issues: (1) the legal effect of the DOJ's request for restriction of audit documents in this case (Tr. 24: 14–16); (2) Commerce City's "additional reasons" why it believes the audit materials should be kept confidential (Tr. 25: 6–9); and (3) whether the blanket protective order's "attorney's eyes only" provision may be modified to provide access of confidential information to a party's expert (Tr. 31: 21–25, 32: 1–3).

Commerce City timely filed a motion to restrict access to the audit documents on October 11, 2017 and the motion was fully briefed by October 27, 2017. In essence, Commerce City argues

that (1) "[t]he dissemination of materials over which the DOJ has asserted a proprietary interest may impinge on the DOJ's audit process prior to the rending of any assessment of, and recommendations to [Commerce City]"; (2) the proposed protective order contains a dispute resolution mechanism that is sufficient to provide the Plaintiff adequate recourse for any objections to documents marked as "confidential"; and (3) the City will not mark any documents as "attorney's eyes only" that are relevant to the Plaintiff's failure to train theories.

Plaintiff counters that the City admits that some documents from the audit are publicly available and fails to show good cause to restrict *each* document; the DOJ's request is to restrict *only* a certain category of documents; the City fails to demonstrate a "clearly defined and serious injury" that will result from dissemination of the audit documents; and the City fails to establish why an "attorney's eyes only" provision is necessary in the protective order.

Commerce City replies that Plaintiff erroneously assumes the City intends to "designate the 'entire' DOJ audit as confidential" and affirms that it intends only "to make a 'blanket' designation of those documents identified in the DOJ's written mandate." Further, the City asserts that it has identified clearly defined and serious injuries if the documents are disseminated and its interest in maintaining confidentiality of the documents outweighs any public interest. Finally, the City contends that the "attorney's eyes only" provision was included in the proposed protective order as a "prophylactic" measure, which may be never invoked, and that the provision provides an avenue for redress if the Plaintiff objects.

## I. Legal Standards

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party seeking a protective order bears the burden of

3

establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). As part of the exercise of its discretion, the court may also specify the terms for disclosure. Fed. R. Civ. P. 26(c)(1)(B).

The good cause standard is "highly flexible, having been designed to accommodate all relevant interests as they arise." *See Rohrbough*, 549 F.3d at 1321 (citation omitted). However, conclusory assertions are insufficient to show good cause. *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). "Instead, the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to the party seeking protection." *Id.* (citing *Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002) (internal citations omitted)). As a general rule, the "good cause" calculation requires that the court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum*, 209 F.R.D at 206 (citations omitted).

**II.    Analysis**

One issue before the Court involves the scope of a provision in the parties' proposed blanket protective order and the others do not. The Court will first address the protective order provision, then the other issues in turn.

    A.    <u>Attorney's Eyes Only Provision</u>

At the outset, the Court reasserts that it *approved* Defendants' version of paragraph 7, the "attorney's eyes only" provision, at the September 25, 2017 hearing, even after Plaintiff stated his objection. Tr. 25: 20–21. Thus, any argument by Plaintiff now contending that Defendants have failed to demonstrate good cause to include the provision in the protective order is not persuasive. The issue here is whether the provision should be modified to allow the parties' experts access to

information designated as "attorney's eyes only."

Plaintiff's primary concern appears to be based on an assumption that "Commerce City intends to blanket almost every document in the DOJ Audit with an 'Attorney's Eyes Only' provision." Resp. 11. The Court finds no basis for this assumption. Defense counsel stated at the hearing that the City was "prepared to represent firmly that any items that we would designate as 'Attorney's Eyes Only' are not items we believe Mr. Montgomery should have or would need access to." Tr. 31: 21–24. Defense counsel did not articulate "any items [it] would designate" and the Court will not speculate. In addition, the Court agrees with the City that this and any other objections the Plaintiff may have concerning his expert's access to information may be raised at the appropriate time in accordance with the protective order.

Accordingly, the Court concludes the Plaintiff has failed to demonstrate good cause to modify paragraph 7 as previously approved by the Court.

B.  DOJ's Request to Restrict Documents

In an August 22, 2017 letter, the DOJ informed Commerce City that certain documents produced during the audit belonged to the DOJ and directed that such documents were not to be disclosed. At the September 25, 2017 conference, the City informed the Court that it believed the DOJ would construe *all* materials involved in the audit as confidential. Tr. 9: 8–11; 26: 23–25, 27: 1–5. The Court raised the question of whether it was proper for the DOJ, a third party, to demand restriction of documents in this case. *See* Tr. 10: 10–13 (Court: "I don't know if DOJ can submit materials to the State and then claim some kind of protection. I don't know if that -- if they can, so I just have to see what the law is."). The Court then suggested that the parties brief the issue (*i.e.*, present legal argument) as to whether it is proper for the Court to consider a request from the DOJ to restrict access to documents in this case, and the parties agreed. Tr. 24: 14–25, 25: 1–19 (Court:

5

"But I do -- do you think we need to brief the issue of the impact -- the legal effect of DOJ's request for confidentiality?"). However, neither party addressed the issue in the briefing now before the Court.

Furthermore, given counsel's statements to the Court at the conference, the Court also anticipated that the City would provide the Court with more information to allow the Court, if necessary, to review the entire 28,000-page submission of documents—purportedly withheld based on the deliberative process privilege—in a more organized manner.[2] *See* Tr. 10: 13–25, 11: 1–10. Instead, the City has given the Court pause and raised a concern that the City may not have reviewed all of the audit documents before withholding them pursuant to the deliberative process privilege and/or before submitting them to the Court for *in camera* review,[3] based on the following statements:

> a. THE COURT: So will you be able to [clarify which documents were produced by the DOJ]? I mean, I assume these are numbered. Are they numbered?
>
> MR. McGRATH: No, Your Honor.
>
> THE COURT: Has no Bates number been attached to them at all?
>
> MR. McGRATH: There isn't.
>
> Tr. 10: 21–25, 11: 1.
>
> b. THE COURT: So I haven't delved into [the document submission] that deep yet, but academic materials in terms of scholarly works?

---

[2] For example, defense counsel stated at the conference, "I think we provided a list of sort of broad categories of documents." Tr. 11: 24–25. To the extent that this "list" is the same one attached as Exhibit B to the Defendant's reply brief in support of its motion for protective order asserting the deliberative process privilege (ECF No. 106-2), the Court finds such "list" unhelpful as it is in no way linked to the document submission.

[3] On September 1, 2017, the Court ordered, "the City will produce ***copies of the withheld documents only*** to the Court for *in camera* review on or before September 11, 2017." ECF No. 109 (emphasis added).

6

> MR. McGRATH: Correct.
>
> THE COURT: And so is DOJ claiming that those might be privileged?
>
> MR. McGRATH: There is a very large volume of documents there. I can't represent that I've reviewed every -- every piece of the puzzle right now.
>
> Tr. 12: 1–8.

    c.    "In the interest of mitigating escalating defense costs, ***the City has suspended its review of the highly voluminous audit materials*** during the pendency of the Court's *in camera* review of same, an undertaking which is intended to determine which of the documents are subject to the deliberative process privilege. Unless or until the Court determines that some portion of the audit materials are not privileged, ***it is not reasonable or practical for the City to enumerate each page*** of draft documents prepared by the COPS office and/or its contractor." Reply 4–5 (emphasis added).

    d.    "If the Court orders materials underlying the DOJ audit to be produced, those nonprivileged materials ***will necessarily be reviewed by the City***, at which point the City will be able to ***identify with specificity which draft materials were produced by the DOJ*** and its contractor." Reply 6 (emphasis added).

Based on these statements, the fact that the City has not identified the documents it seeks to restrict pursuant to the DOJ's request, and the omission of any legal authority for the Court's restriction of audit documents based on the DOJ's request, the Court will deny without prejudice the City's motion to restrict and order the following:

1. Commerce City will complete its review of the audit documents—all of which were submitted for *in camera* review to this Court—and re-submit only those documents the City believes in good faith should be withheld pursuant to the deliberative process privilege;

2. With such re-submission, if any, the City shall organize the documents in such a way that the Court is able to understand the City's argument(s) as to why the documents are privileged — for example, if the City chooses to rely on the "broad categories list" (ECF No. 106-2), it shall identify which documents fall into the categories. Otherwise, the Court will

7

reject any claim of privilege. In addition, all pages shall be Bates-labled or numbered in some other recognizable form; and

3. Following the City's review, the City shall identify which documents were produced by the DOJ and its contractor, and may re-file its motion to restrict containing legal support for its request that the documents be restricted based on the DOJ's request.

### III. Conclusion

Therefore, the Court **grants in part** (the City's request to keep the attorney's eyes only provision as approved) **and denies without prejudice in part** Defendant Commerce City's Motion to Restrict [filed October 11, 2017; ECF No. 122]. Any re-submission of documents and/or motion to restrict shall occur **on or before December 1, 2017**.

Dated at Denver, Colorado, this 16th day of November, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge