IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02786-MEH

CARL LEADHOLM,

    Plaintiff,

v.

CITY OF COMMERCE CITY, COLORADO,
CHRISTOPHER DICKEY
JJ ROUANZOIN,
JEREMY JENKINS, and
MICHAEL DIENER,

    Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

On April 5, 2018, Plaintiff filed an "Acceptance of Judgment Pursuant to Fed. R. Civ. P. 68" [ECF No. 166] in this case. The Court heard the matter on May 17, 2018.[1]

Rule 68 provides, in pertinent part,

> If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

With its Acceptance, Plaintiff filed a copy of the Offer of Judgment, which provides:

> This Offer is expressly conditioned, pursuant to Fed. R. Civ. P. 68, upon the voluntary dismissal with prejudice of all other individual Defendants in this action (including Christopher Dickey, JJ Rouanzoin, Jeremy Jenkins, and Michael Diener).

Offer ¶ 3, ECF No. 166-2. The following day, the Court issued an order denying as moot the

---

[1] At the conference, the parties convinced the Court that including non-monetary terms that are "clear and unambiguous" in a Rule 68 offer of judgment is proper. *See Stanczyk v. City of New York*, 752 F.3d 273 (2d Cir. 2014).

Plaintiff's pending Motion to Amend and concluding, "Judgment pursuant to Fed. R. Civ. P. 68(a) will be entered at the final resolution of this case." Order, ECF No. 167. In so concluding and in consideration of paragraph 3 of the Offer of Judgment, the Court anticipated the filing of a notice of voluntary dismissal of the individual Defendants in this case. Instead, the Defendants filed the present opposed motion to dismiss the individual Defendants with prejudice from this case.

In opposing the motion, Plaintiff argues that if the individual Defendants are dismissed, the Court will lose jurisdiction over these Defendants and, should Commerce City "breach the terms of its offer," Plaintiff will lose the ability to "seek recourse." Resp. 1. The Court is not convinced.

In *Martinez v. Red's Towing*, No. 14-cv-00458-KLM, 2015 WL 328304, at *5 (D. Colo. Jan. 23, 2015), Magistrate Judge Mix cited a persuasive opinion from the Eastern District of California:

> An offer under Rule 68, "once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." [citation omitted]. "[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Latshaw* [*v. Trainer Wortham & Co., Inc.*], 452 F.3d [1097,] 1102 [(9th Cir. 2006)] (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

*Id.* (quoting *Chatman v. Tyner*, No. 1:03–cv–06636–AWI–SMS PC, 2010 WL 2867845, at *1 (E.D. Cal. July 21, 2010). Notably, in *Red's Towing*, Judge Mix issued an order during the litigation finding, "If a plaintiff seeks to attack an offer of judgment after a notice of acceptance is filed, but before judgment has actually entered on the matter, 'the formally more proper way to approach the problem would be to allow judgment to be entered and attack the judgment under Rule 60(b)....'" 2015 WL 328304 at *2 (quoting 12 C. Wright, A. Miller, R. Marcus, Federal Practice & Procedure § 3004); *see also Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995) (stating that "the proper way to proceed ... is for the Defendant to attack the judgment produced by the Rule 68 offer—which upon acceptance is to be automatically entered by the clerk—under Rule

60").

In citing the *Red's Towing* opinion here, the Court does not intend to express or imply that Plaintiff made a "mistake" in accepting the offer; rather, the Court concludes that Plaintiff may not simply determine that one of the offer's terms is no longer "acceptable" to him once he has filed an acceptance. *See Miranda v. Receivables Performance Mgmt., LLC*, No. 12-cv-02507-MSK, 2013 WL 3958367, at *2 (D. Colo. Aug. 1, 2013) (". . . a Rule 68 offer differs from the typical offer—it has an operative effect regardless of whether it is accepted or declined and it is not generally subject to counteroffer or negotiation . . ."). In addition, if a problem arises with the judgment once entered, the Plaintiff may attack the judgement under Fed. R. Civ. P. 60.

Plaintiff does not argue that the Defendants engaged in misconduct in submitting the offer, nor that he was coerced to accept the offer or, otherwise, executed the acceptance involuntarily. The Court concludes that, as the offer appears to have been accepted knowingly and voluntarily, the terms of the offer should be duly executed.

Accordingly, Defendant's Motion for Forthwith Ruling to Dismiss Individual Defendants Pursuant to Rule 68 Offer Terms [filed April 16, 2018; ECF No. 168] is **granted**. Plaintiff's claims against the individual Defendants in this case are dismissed with prejudice. In addition, the Clerk of the Court shall enter judgment pursuant to Fed. R. Civ. P. 68 in favor of the Plaintiff against the Defendant City of Commerce City.

Dated and entered this 17th day of May, 2018, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge